**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      No. CIV 08-0855 MV/WPL
                                                                   CR-90-285 MV

ALFONSO PEDRAZA,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, in the words of the Court of Appeals for the Tenth Circuit, on Defendant's "latest . . . in a long string of challenges to his 1991 conviction for possession with intent to distribute cocaine." *United States v. Pedraza*, 214 F. App'x 853, 853 (10th Cir. 2007). Currently pending are Defendant's Petition For Writ Of Habeas Corpus (CV Doc. 1; CR Doc. 57) filed pursuant to 28 U.S.C. § 2241 on September 15, 2008, and his motion to amend the petition (CV Doc. 3; CR Doc. 60) filed on November 20, 2008 (together the "petition"). The petition asks the Court to vacate Defendant's conviction or, alternatively, to reduce his sentence. In an earlier proceeding, No. CV 96-0737 JP/LCS, Defendant previously attacked his conviction in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

      As grounds for his petition, Defendant alleges that, during a 2007 hearing on his motion to reduce sentence under 18 U.S.C. § 3582, the Court made findings that cast doubt on his conspiracy conviction and sentence. Defendant argues that the 2007 findings provide a basis under the habeas corpus statutes for claims of actual innocence and disproportionate sentence. At the conclusion of the 2007 hearing, the Court denied a reduction of sentence and, after further proceedings, entered an order denying reconsideration of the decision to deny reduction. Defendant's appeal from that

order remains pending.

Defendant asserts that, because his § 3582 appeal remains pending, "this Court has discretion to entertain Petitioner's [§ 2241] writ, to the extent that §2255 relief is inadequate and ineffective where Petitioner's resentence is not final for purposes of §2255 proceedings." Defendant's assertions notwithstanding, a § 2255 proceeding is not precluded by the pendency of a related appeal. *See United States v. Rangel*, 519 F.3d 1258, 1265-66 (10th Cir. 2008) (directing commencement of a § 2255 proceeding in the district court during an appeal). The Court concludes that § 2255 is not inadequate or ineffective, *see Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"), and Defendant may attack his conviction and sentence only in a motion under § 2255.

Defendant's § 2241 claims of illegal conviction and sentence are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255. The Court may recharacterize this § 2241 petition as a § 2255 motion if certain conditions are met.

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). On the other hand, the "concern [for notice and consent] is not triggered when the petitioner has previously filed a § 2255 motion." *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at **1 n.5 (10th Cir. Jan. 30, 2004); *and see United*

*States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (same).  Under *Apodaca* and *Nelson*, because relief is not available under § 2241 and Defendant previously filed a § 2255 motion, the Court now recharacterizes this § 2241 petition as a § 2255 motion.

As noted above, Defendant previously filed a § 2255 motion.  A defendant may not prosecute a second or successive petition unless the filing is authorized by the appropriate court of appeals.  *See* §§ 2244, 2255.  Where a defendant files a second or successive § 2255 motion, the district court must either transfer the matter to the court of appeals for prior authorization, *see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997), or dismiss the motion, *see In re: Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  Because Defendant's § 3582 proceeding remains pending on appeal, and to avoid possibly inconsistent rulings regarding his sentence, the Court will transfer this matter to the Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that Defendant's motion for judicial action (CV Doc. 5) is DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this proceeding to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE