# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

            Respondent/Plaintiff,

v.                                                              CV 08-0855 MV/WPL
                                                                CR 90-285 MV

ALFONSO PEDRAZA,

            Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter was referred to me to make recommendations regarding several pleadings and motions filed by Alfonso Pedraza.  My recommendations are set forth below.

### BACKGROUND

In 1991, Pedraza was convicted of a conspiracy to possess with intent to distribute more than five kilograms of cocaine.  (Doc. 77 at 2.)[1]  He was sentenced to 360 months in prison.  (*Id.*) Thereafter, the sentencing guidelines were amended in two ways that could potentially affect Pedraza.  First, amendment 439 requires courts to consider only the drug quantity connected to the defendant's actions and the reasonably foreseeable actions of others in furtherance of a jointly undertaken crime.  (*Id.*)  Second, amendment 505 reduces the upper level for drug offenses to 38. (*Id.* at 3.)  The Sentencing Commission made amendment 505, but not amendment 439, retroactive. (*Id.* at 3-4.)

In 2007, Pedraza filed a motion for resentencing based on amendments 439 and 505 and on 18 U.S.C. § 3582(c).  (*Id.* at 3.)  Applying amendment 505, the Court reduced Pedraza's sentence

---

[1] All document number references are to CR 90-285 MV.

to 324 months in prison.  (*Id.*)  Although the Court believed that Pedraza could not have foreseen the amount of drugs involved in the conspiracy, the Court concluded that it did not have the authority to apply amendment 439 retroactively or to vary below the amended guideline range.  (*Id.*) Through counsel, Pedraza appealed, arguing that the Court had the authority under *United States v. Booker*, 543 U.S. 220 (2005), to apply amendment 439 retroactively and to vary from the amended guideline range.   (*Id.* at 4.)

While his appeal was pending, Pedraza filed in this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 57.)  He later filed a motion to amend that petition.  (Doc. 60.)  Both this Court and the Tenth Circuit have treated these two documents together as one petition and have construed the petition as raising claims of actual innocence and disproportionate sentence.  (Doc. 80 at 1.)  This Court determined that Pedraza's claims, although brought pursuant to 28 U.S.C. § 2241, are expressly contemplated by 28 U.S.C. § 2255 and that § 2255 is not inadequate or ineffective.  Because Pedraza previously filed a § 2255 motion challenging his conviction, the Court concluded that it was unnecessary to notify him before recharacterizing the petition as a § 2255 motion.  Accordingly, the Court recharacterized the petition as a § 2255 motion and transferred it to the Tenth Circuit.  (*Id.* at 2.)

On June 16, 2009, the Tenth Circuit remanded the disproportionate sentence claim to this Court.  (Doc. 67.)  The Circuit stated that although the claim, which is based on the Eighth Amendment, appears to be a "classic" § 2255 claim, it is not successive to the earlier § 2255 motion because it is the first attack on the constitutionality of Pedraza's new sentence.  (*Id.* at 5.)  The Circuit further stated that since the claim is not successive, it would be inappropriate for this Court to recharacterize it as a § 2255 claim without first following the procedures in *Castro v. United States*, 540 U.S. 375, 383 (2003).  (*Id.* at 5-6.)

2

After the disproportionate sentence claim was remanded, Pedraza filed a "Motion Requesting Leave of Court to Amend the Petitioner's Post Resentencing § 2255 Motion." (Doc. 71.)  In this motion, Pedraza asserts that 18 U.S.C. § 3582(c)(2) is unconstitutional as applied in his case.  Two days after this motion was filed, the Court *sua sponte* appointed the attorney who represented Pedraza at trial and on the resentencing motion to represent him in this proceeding.  (Doc. 72.)

Several days after counsel was appointed, Pedraza filed a "Second Pro Se Motion Requesting Leave of Court to Amend Petitioner's Post Resentencing § 2255 Motion - Based on a Brady Violation Raised and Argued at the § 3582(c)(2) Proceedings Conducted on November 8, 2008." (Doc. 73.)  In this motion, Pedraza asserts that the indictment should be dismissed based on an internal affairs investigation into the disappearance of funds that were seized in this case while the funds were in the custody of the lead case agent.

This Court subsequently stayed this proceeding pending the resolution of Pedraza's appeal. (Doc. 76.)  On October 30, 2009—after the Tenth Circuit affirmed the new sentence on appeal—the stay was lifted.  (Doc. 78.)  The order lifting the stay advised Pedraza that he was not allowed to make any *pro se* filings because he is represented by counsel.  Accordingly, the Court denied the *pro se* motions to amend that were filed after remand.  But the order permitted an amended habeas corpus petition or a § 2255 motion to be filed within twenty days and "refer[red] counsel to the Tenth Circuit's order of June 16, 2009 . . . regarding proper characterization of Defendant's claims." (*Id.*)  No further filings were made until the United States filed a motion for a status conference on December 15, 2009.  (*See* Doc. 79.)

On December 18, 2009, the case was referred to me.  (Doc. 80 at 3.)  I issued an order stating, "Because no amended petition or § 2255 motion was filed, the only claim pending . . . is the Eighth Amendment claim set forth in Pedraza's motion to amend . . . , which was filed *pro se* before

3

the appointment of counsel." (*Id.*)  The order formally recharacterized this claim as a § 2255 claim and instructed the United States to file an answer to the claim.  (*Id.*)

In its answer, the United States moves to dismiss the Eighth Amendment claim as procedurally barred because it was not raised on direct appeal.  (Doc. 81.)  Pedraza's appointed counsel filed a reply, re-arguing the retroactivity of amendment 439 and asserting that the sentence is a *per se* violation of the Eighth Amendment.  (Doc. 85.)

Less than a week after the reply was filed, Pedraza, acting *pro se*, filed an "Emergency Motion for Leave of Court to Allow Movant to Represent Himself Due to An Obvious Conflict of Interest That Emerged Between Movant and Appointed Counsel."  (Doc. 86.)  In this motion, Pedraza complains that his attorney failed to amend the § 2255 motion to incorporate the two *pro se* motions to amend that he filed after remand.  He alleges that his attorney in this proceeding was attempting to protect appellate counsel, who rendered ineffective assistance by failing to raise the issues in the *pro se* motions to amend and in failing to raise his Eighth Amendment claim.  Pedraza asserts that this ineffective assistance should excuse his procedural default.  In addition to requesting that he be allowed to represent himself, Pedraza seeks to incorporate the issues raised in the two post-remand *pro se* motions to amend.  (*Id.*)

I ordered the United States and Pedraza's appointed counsel to respond to Pedraza's motion to represent himself.  (Doc. 87.)  In her response, appointed counsel states that she has never participated in a habeas proceeding before and that Pedraza has more experience in these proceedings than she does.  She asks that the motion be granted.  (Doc. 88.)  The United States refuses to take a position as to whether Pedraza should be allowed to represent himself.  However, it opposes his request to incorporate the *pro se* motions to amend.  The United States argues that the claims raised in the motions to amend are successive.  (Doc. 89.)  On March 31, 2010, Pedraza filed

an "Emergency Pro Se Motion Urging the Court to Allow the Petitioner to Reply to the Government's Disingenuous Response, and a Ten Day Extension in Which to Formulate and File a Comprehensive Reply." (Doc. 90.) On April 7th, he filed his reply, which I have considered. (Doc. 91.)

### DISCUSSION

### Motion to Proceed *Pro Se*

In a collateral proceeding such as this, there is no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), but counsel may be appointed in the interests of justice, 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, the following factors should be considered: the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

When a defendant in a criminal trial wishes to proceed *pro se*, the trial judge must advise him of the dangers and disadvantages of self-representation to insure that the waiver of the constitutional right of counsel is knowing and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975). The *Faretta* warnings are not required here because Pedraza does not have a right to counsel in this collateral proceeding. *Cf. Ramirez v. Sec'y, Dep't of Corr.*, No. 8:05-cv-104-T-23EAJ, 2007 WL 2113659, at *9 (M.D. Fla. July 23, 2007) (rejecting argument that state judge failed to give adequate *Faretta* warnings before petitioner discharged his attorney during collateral proceedings, because petitioner had no Sixth Amendment right to counsel during the collateral proceedings). Moreover, the warnings required by *Faretta*, which apply when the government initiates the proceedings, are inapposite to this proceeding, which was initiated by Pedraza. *See United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987) (holding that a waiver of counsel is not valid unless the defendant

5

understands the charges and the statutory offenses included within them, the range of allowable punishments, and the possible defenses and mitigating circumstances).

Pedraza commenced this proceeding by himself, has clearly articulated the issues he wishes to raise, and has never requested counsel.  His appointed counsel attests to his competence to represent himself, and consideration of the *Rucks v. Boergermann* factors does not indicate a need for counsel.  Under these circumstances, I recommend that Pedraza be allowed to proceed *pro se*. Although the *Faretta* warnings are not required, Pedraza is advised that his *pro se* filings will be construed liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This means that the court must overlook the failure to cite proper legal authority, the confusion of legal theories, poor syntax and sentence construction, and unfamiliarity with pleading requirements. *Id.* But the court is not allowed to assume the role of Pedraza's advocate. *Id.* He will be responsible for knowing and complying with the procedural and substantive rules, including any deadlines, that apply to this case.

### Disproportionate Sentence

Pedraza's Eighth Amendment claim is properly before me because it was remanded to this Court by the Tenth Circuit.  Pedraza argues that Judge Vázquez recognized that his 324-month sentence is disproportionate when she imposed the sentence.  She indicated that equity favors a shorter sentence and acknowledged that Pedraza had nothing to do with the large amount of cocaine that was involved in the conspiracy.  Pedraza also relies on recent trends in case law, administrative and legislative changes to drug sentences, and political movements against mandatory minimum sentences to show that his sentence is cruel and unusual pursuant to evolving standards of decency.

The United States argues that the Eighth Amendment claim has been procedurally defaulted because it was not raised in Pedraza's direct appeal of his new sentence.  Courts generally will not consider an issue raised in a § 2255 motion if that issue was not raised on direct appeal.  *United*

*States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004).  This rule does not apply if the defendant can demonstrate "cause and prejudice."  *Id.*  A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice.  *Id.*  Pedraza contends that his appellate counsel was ineffective in failing to raise the Eighth Amendment issue on direct appeal.  I cannot determine whether counsel was ineffective without analyzing the merits of the underlying Eighth Amendment claim.  *See Banks v. Reynolds*, 54 F.3d 1508, 1516 (10th Cir. 1995) (recognizing "the apparent circularity of this review").  Because the ultimate question is whether the underlying claim is meritorious, I will proceed directly to that question.

In *Solem v. Helm*, 463 U.S. 277, 292 (1983), the Supreme Court established a three-factor test to evaluate Eighth Amendment claims.  But the Court subsequently retreated from *Solem* and indicated that the threshold question is whether the sentence is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (opinion of Justice Kennedy); *Hawkins v. Hargett*, 200 F.3d 1279, 1282 (10th Cir. 1999) (holding that Justice Kennedy's opinion, which narrowed *Solem*, is the controlling opinion from the *Harmelin* case).  As recently as August of last year, the Tenth Circuit noted, "The Eighth Amendment contains a narrow proportionality principle that applies to noncapital sentences.  Under that principle, the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime."  *United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009) (internal citations omitted), *cert. denied*, 130 S. Ct. 1307 (2010).

Controlling case law indicates that Pedraza's sentence does not violate the Eighth Amendment.  *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) (upholding forty-year sentence for possession with intent to distribute and distribution of less than nine ounces of marijuana); *see also Harmelin*, 501 U.S. at 1001-07 (upholding mandatory life sentence without parole for possession of more than 650 grams of cocaine, even though defendant had no prior felony convictions);

*Williams*, 576 F.3d at 1165 (upholding concurrent life sentences for two counts of possession with intent to distribute fifty grams or more of cocaine base); *United States v. Youngpeter*, 986 F.2d 349, 355-56 (10th Cir. 1993) (rejecting disproportionality challenge based on the disparity between the appellant's sentence and those of his co-defendants who arguably had more involvement in the crime, noting that the sentencing guidelines take each defendant's criminal history into account). Based on this authority, I recommend that Pedraza's disproportionate sentence claim be rejected.

### Constitutionality of 18 U.S.C. § 3582(c)(2)

In his first post-remand motion to amend, Pedraza asserts that 18 U.S.C. § 3582(c)(2) is unconstitutional as applied to his case. In remanding Pedraza's Eighth Amendment claim, the Tenth Circuit noted that it "attacks for the first time the constitutionality of a newly imposed sentence, and does not require authorization from this court to be filed." (Doc. 67 at 5.) Similarly, Pedraza's claim regarding § 3582(c)(2) attacks the constitutionality of his newly imposed sentence. The Circuit advised this Court that it would be inappropriate to recharacterize the Eighth Amendment claim as a § 2255 claim without notifying Pedraza that any subsequent § 2255 motion would be subject to the restrictions on successive motions and allowing him either to withdraw the petition or amend it so that it contains all of the § 2255 claims that he believes he has. (*Id.* at 5-6 & n.3 (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)).) Pedraza filed his motion to amend after the Tenth Circuit issued its remand order. The motion was denied as moot simply because counsel had been appointed for Pedraza, *sua sponte*. Counsel was given an opportunity to file an amended habeas corpus petition or § 2255 motion. Pedraza wishes to dismiss his counsel because she failed to take advantage of this opportunity to raise the issues in his *pro se* motions to amend. Based on this history and the reasoning of the Tenth Circuit's remand order, I conclude that Pedraza's claim regarding § 3582(c)(2) is not successive and is properly before this Court. Although

the claim was not raised on direct appeal, I will consider it on the merits because Pedraza asserts that his appellate counsel was ineffective.

18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment except in enumerated circumstances.  Subsection (c)(2) allows a court to reduce a term of imprisonment if, after the defendant was sentenced, the Sentencing Commission lowered the sentencing range that would have applied to the defendant.  But the court may only exercise this discretion "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The applicable policy statement does not allow a sentence to be modified on the basis of amendment 439, nor does it allow a sentence to be reduced below the new sentencing range.  The Tenth Circuit therefore held that this Court did not err in refusing to reduce Pedraza's sentence on the basis of amendment 439.  (Doc. 77 at 4.)  The Tenth Circuit further held that this Court did not have any authority under *United States v. Booker*, 543 U.S. 220 (2005), to apply amendment 439 retroactively or to vary below the new guideline range.  (*Id.* at 4-5.)

Pedraza now argues that § 3582(c)(2) is unconstitutional as applied to him.  He contends:

[T]his Court's strict adherence to the mandates of 18 U.S.C. § 3582(c)(2), holding that it had to treat the Guidelines as mandatory, and therefore, it had no authority to resentence the Petitioner below the amended Guideline range; despite finding constitutional inequities with the 324 month term of imprisonment imposed, allowed the statute to amend the constitution.

(Doc. 71 at 2.)  He further asserts that although this Court acknowledged that he had nothing to do with how much cocaine was involved in the conspiracy, the Court "allowed the provisions of § 3582 to amend the Due Process protections of the Fifth Amendment, by concluding, in violation of notions of fundamental fairness, that it had no authority under § 3582(c)(2), to sentence the Petitioner below the amended range . . . ."  (*Id.* at 4-5.)

Although Pedraza suggests that § 3582(c)(2) effectively amends the constitution by curtailing this Court's power to resentence him, he does not identify any constitutional provision that specifically gives courts the authority to modify a previously imposed sentence.  The Tenth Circuit has held that district courts do not possess the inherent authority to resentence defendants at any time.  *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).  Instead, district courts are authorized to modify a sentence "only in specified instances where Congress has expressly granted the court jurisdiction to do so."  *Id.* at 947.  The Tenth Circuit has also held that district courts do not have discretion to impose a below-guidelines sentence at § 3582 sentence modification proceedings pursuant to the Sixth Amendment as interpreted in *Booker*.  *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2010); *United States v. Rhodes*, 549 F.3d 833, 839-41 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2010).

Pedraza argues that § 3582(c)(2) deprived him of the due process protections secured by the Fifth Amendment.  However, he fails to identify anything fundamentally unfair in how § 3582(c)(2) operated in his case.  In considering whether the statute is fair, it is important to note that it only allows a sentence to be decreased, not increased.  *See Rhodes*, 549 F.3d at 840.  In this regard, § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).  Pedraza's sentence was decreased by thirty-six months as a result of the leniency afforded by the statute.  That the statute did not allow his sentence to be reduced even further is not fundamentally unfair.  I therefore recommend that Pedraza's § 3582(c)(2) claim be denied.

10

**_Brady_ Violation**

In his second post-remand motion to amend, Pedraza raises an alleged _Brady_ violation related to the disappearance of certain funds that were seized in this case.  *See Brady v. Maryland*, 373 U.S. 83 (1963).  The disappearance prompted an internal affairs investigation of the lead case agent.  Pedraza seeks to have the indictment dismissed as a result of the _Brady_ violation.

Because this claim attacks Pedraza's original conviction rather than his newly imposed sentence, it is a successive claim.  In the words of the Tenth Circuit, "[B]ecause the new § 2255 motion attacked his conviction, which had been challenged in his first § 2255 motion, it was proper for the district court to treat it as a successive § 2255 motion and transfer it to this court for authorization."  (Doc. 67 at 4); *see LaFevers v. Gibson*, 238 F.3d 1263, 1267 (10th Cir. 2001) (treating _Brady_ claim as successive); *see also United States v. Nichols*, 38 F. App'x 534, 542 n.6 (10th Cir. 2002) (rejecting argument that successive motion requirements unfairly allow the Government to benefit from a _Brady_ violation that is not discovered until after an initial § 2255 is resolved, because "[f]air or not," § 2255 does "not contain an explicit exception for situations where the Government has violated its . . . _Brady_ obligations"); *cf. United States v. Lopez*, 577 F.3d 1053, 1066 (9th Cir. 2009) (holding that _Brady_ claims are not categorically exempt from the successive motion requirements "and that second-in-time _Brady_ claims that do not establish materiality of the suppressed evidence are subject to dismissal under § 2255(h)(1)").

When a successive claim is filed in a district court without authorization from the appellate court, the district court must either dismiss it for lack of jurisdiction or, if it is in the interest of justice, transfer the claim to the court of appeals.  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  If the claim "fails on its face" to satisfy the standard for authorization, it is not in the interest of justice to transfer it.  *See id.*  An appellate court may authorize a successive claim if it relies on

11

"newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  28 U.S.C. § 2255(h)(1).  Pedraza relies on newly discovered evidence of a *Brady* violation.  Although I express no opinion as to how the Tenth Circuit might ultimately view this claim, I cannot say that the claim "fails on its face" to satisfy the standard for authorization.  Accordingly, I recommend that this claim be transferred to the Tenth Circuit.

### CONCLUSION

For the reasons stated above, I recommend that:

1) Pedraza's motion to proceed *pro se* be granted;

2) Pedraza's claims based on the Eighth Amendment and 18 U.S.C. § 3582(c)(2) be denied;

3) Pedraza's *Brady* claim be transferred to the Tenth Circuit; and

4) Pedraza's motion to file a comprehensive reply be granted.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE