IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      No. CV 08-0855 MV/WPL
                                          CR 90-0285 MV

ALFONSO PEDRAZA,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion For Reconsideration (CV Doc. 43; CR Doc. 105) filed on February 14, 2011. The motion invokes rule 59(e) of the Federal Rules of Civil Procedure and seeks relief from the Court's order and judgment (CV Docs. 41, 42; CR Docs. 102, 103). In those orders the Court dismissed Defendant's remaining claims from his Petition For Writ Of Habeas Corpus, which had been recharacterized as a motion under 28 U.S.C. § 2255 (CV Doc. 20; CR Doc. 80). As grounds for his motion, the Defendant again attacks the allegedly erroneous calculation of his sentence. The Court will dismiss Defendant's motion for lack of jurisdiction.

Defendant's motion purports to seek relief from the order dismissing his § 2255 claims but actually seeks to revisit the underlying conviction and sentence. The motion thus amounts to a second or successive § 2255 motion.

> Under *Gonzalez*[ *v. Crosby*, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. . . . or . . . challenges a defect in the integrity of the federal habeas proceeding . . . that . . . lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also United States v. Harrison*, 382

F. App'x 678, 680 (10th Cir. June 10, 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions."); *and see In re Gwathney*, No. 08-2145, slip ord. at 2, n.1 (10th Cir. July 30, 2008) ("The analysis is the same for determining whether a Rule 59(e) motion or Rule 60(b) motion is a second or successive motion"); *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006). Because Defendant's motion constitutes a second or successive § 2255 motion under either of the standards described in *Spitznas*, the Court has no authority to consider his claims. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148. Under the rulings in *Nelson* and *Harrison*, the Court will dismiss Defendant's motion for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion For Reconsideration (CV Doc. 43; CR Doc. 105) filed on February 14, 2011, is DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

2